UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



UNITED STATES OF AMERICA,
 For the Use and Benefit of
IGW ELECTRIC, LLC,

        Plaintiff,

v.                                    Civil No. 2:12cv200

EDMUND SCARBOROUGH,

        Defendant.

## MEMORANDUM ORDER

This matter is before the Court on: (1) a motion for default judgment filed by Plaintiff the United States of America for the use and benefit of IGW Electric ("Plaintiff" or "IGW"); and (2) a motion to dismiss, or in the alternative motion for summary judgment, filed by Defendant Edmund Scarborough ("Defendant" or "Surety"). For the reasons set forth below, both motions are **DENIED**.

### A. Plaintiff's Motion for Default Judgement

Plaintiff's motion for default judgment asserts that, under the Local Rules of this Court, Defendant's failure to timely request, or waive, oral argument on Defendant's motion to dismiss results in such motion being deemed "withdrawn." E.D. Va. Loc. Civ. R. 7(E). If such motion is deemed withdrawn, argues Plaintiff, Defendant's period for filing an answer has expired, and Defendant is in default.

The Local Rule relied on by Plaintiff, however, expressly indicates that such Rule is applicable "[u]nless otherwise ordered." Id. The undersigned Judge, both through practice, and through the "Procedure for Civil Motions" document published on this Court's public website, has adopted a practice whereby "[a]bsent a request for a hearing," all civil motions that are not discovery related "will be referred automatically" to chambers for consideration. Procedure for Civil Motions, Chambers of Mark S. Davis, available at http://www.vaed.uscourts.gov/localrules/Procedures%20for%20Civil%20Motions%20-%20Judge%20Davis.pdf. To the extent such document is insufficient to qualify as an "Order" that varies from the Local Rule, this Court hereby **ORDERS** that the withdrawal provision set forth in Local Rule 7(E) is inapplicable in this case. Accordingly, Plaintiff's motion for default judgment is **DENIED**.

### B. Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment

The instant case is a Miller Act payment bond action seeking recovery on a payment bond the prime contractor was required to obtain on a construction project ("the Project") to build beach cottages for the United States Navy. Compl. ¶ 2, ECF No. 1. In short, Tommy Abbot and Associates, Inc. ("Abbot" or "Prime") was awarded the contract to complete the Project. Compl. ¶ 4. Abbot, as prime contractor, contracted with James Baker Custom Builders, Inc. ("JBCB") to perform general

contracting work. Compl. ¶ 5. JBCB then contracted with IGW, a subcontractor, to perform all of the electrical work for the Project. Compl. ¶ 5. The Complaint asserts that in addition to having a written contract with JBCB, IGW had implied and/or express contract(s) directly with Prime. Compl. ¶¶ 11-12. The Complaint expressly asserts that IGW performed work on the Project from 4/2/2010 until 4/14/2011 and provided materials for the Project between 4/2/2010 and 4/27/2011. Compl. ¶¶ 15, 23.

To the extent Defendant seeks to recast its motion to dismiss as a motion for summary judgment, such motion is **DENIED**. It would be imprudent at this early stage in the proceeding, prior to discovery being conducted, to entertain attacks on the facts as set forth in the Complaint based on the competing version of events advanced by Defendant. See Def.'s Brief 12, ECF No. 6, and Def. Reply Brief 9, ECF No. 9 (suggesting that the Court can speculate as to the date of IGW's final delivery of materials to the Project or speculate as to when during the day a meeting was held terminating all work on the Project in order to find that IGW failed to comply with the Miller Act limitations period). Although the Court declines to convert the pending motion into a motion for summary judgment, it remains permissible to consider any extrinsic evidence that is "'integral to and explicitly relied on in the complaint'" if the authenticity of such evidence is not in dispute. Am.

3

Chiropractic v. Trigon Healthcare, 367 F.3d 212, 234 (4th Cir. 2004) (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)).

In assessing the merits of a Rule 12(b)(6) motion to dismiss, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dept., Inc. v. Montgomery County, Md., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus.,637 F.3d 435, 440 (4th Cir. 2011)). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To satisfy such plausibility standard, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citation omitted). As always, the above standard is applied in light of Rule 8(a)'s requirement of only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the Miller Act, a "sub-subcontractor" or a "second tier subcontractor" that does not have a direct contractual

4

relationship with the prime contractor can only recover from the prime or the prime's surety if written notice of any unpaid claims is made to the prime contractor within ninety days of the sub-subcontractor's completion of performance, or final delivery of materials. 40 U.S.C. § 3133(b)(2). IGW's complaint appears to acknowledge that, at least <u>initially</u>, IGW was a "sub-subcontractor" as IGW only had a direct contractual relationship with JBCB, the general contractor hired by Prime. The complaint, however, alleges additional facts that plausibly support three potential theories of recovery by IGW against Prime/Surety: (1) during the Project, IGW's bills were approved by Prime, and payment was made to IGW directly from Prime, as contrasted with approval and payment by JBCB, thus creating an implied contract between Prime and IGW,[1] <u>see</u> 40 U.S.C. § 3133(b)(2) (indicating that a sub-subcontractor lacking an "express <u>or implied</u>" contractual relationship with the prime must comply with the ninety-day written notice provision)

---

[1] The Court recognizes, as argued by Defendant in his reply brief, that the existence of the express contract between IGW and JBCB may ultimately be sufficient to demonstrate that there was no implied contract between IGW and Prime. <u>See</u> <u>S. Biscuit Co. v. Lloyd</u>, 174 Va. 299, 311 (1940) ("[A]n express contract defining the rights of the parties necessarily precludes the existence of an implied contract of a different nature containing the same subject matter."). However, as the express contract between IGW and JBCB is not before the Court at this time, and because the factually undeveloped relationship between the three entities may prove legally relevant, it is premature to dismiss the case on such ground at this time. <u>Cf.</u> <u>Elegant Homes of Virginia, Inc. v. Boberski</u>, 70 Va. Cir. 377, 378 (Va. Cir. Ct. 2006, Albemarle, Cnty.) (indicating that <u>S. Biscuit Co.</u> "does not speak to whether an implied contract can be imposed on <u>one who was not a party to</u> the express contract") (emphasis added).

5

(emphasis added); see also J. W. Bateson Co., Inc. v. United States ex rel. Bd. of Trustees of Nat. Automatic Sprinkler Industry Pension Fund, 434 U.S. 586, 590 (1978) (indicating that the ninety-day notice provision for "sub-subcontractors or materialmen" is in place to allow a prime "after waiting ninety days, safely to pay his subcontractors without fear of additional liability to sub-subcontractors or materialmen"—an apparently unfounded fear if every invoice from the purported sub-subcontractor is submitted to, approved by, and directly paid by the prime) (internal quotation marks and citation omitted); (2) during the Project, IGW contracted directly with Prime for the performance of certain electrical work that unexpectedly arose on the job site and IGW has not been paid for such work; and (3) even if IGW is merely a "sub-subcontractor" that lacks any type of contractual relationship with Prime as to the bulk of the unpaid electrical work performed by IGW, JBCB provided Prime written notice, on behalf of IGW, of the outstanding payments owed to IGW within the ninety-day period set forth by the Miller Act, compare United States for Use & Benefit of Noland Co. v. Skinner & Ruddock, Inc., 164 F. Supp. 616, 620 (E.D.S.C. 1958) (quoting Bowden v. United States for Use of Malloy, 239 F.2d 572, 577 (9th Cir. 1956)) (indicating that although "'giving of the written notice specified by the statute is a condition precedent to the right of a supplier to

sue on the payment bond,'" such writing can be sent or presented to the prime contractor by the supplier "'<u>or on the authority of the supplier'</u>") (emphasis added), and <u>United States ex rel. Martinez v. Encon Int'l, Inc.</u>, 571 F. Supp. 2d 754, 756 (W.D. Tex. 2008) (same), with <u>United States for Use and Benefit of J.A. Edwards Co. v. Thompson Const. Corp.</u>, 273 F.2d 873, 876-77 (2d Cir. 1959) (indicating that the notice provided by a contractor to a prime regarding a debt owed to a materialman (sub-subcontractor) failed to satisfy the Miller Act's ninety-day notice provision because the notice provided in that case did not indicate "that [the materialman] was making any direct claim against [the prime] and [the prime's] surety for materials furnished on the . . . project or that [the contractor] was making any such claim on [the materialman's] behalf").[2]

Based on the above, the Court finds that IGW's complaint satisfies the plausibility standard set forth in <u>Twombly</u> and its progeny. IGW has advanced sufficient facts supporting more than one alternative theory of recovery against Surety.[3] Defendant's

---

[2] The Court's citation to the above cases is not intended to conclusively resolve any of the disputed issues, but instead demonstrates that the facts and reasonable inferences therefrom, <u>when viewed in Plaintiff's favor</u>, plausibly support a cause of action on one or more alternative theories.

[3] The Court notes that IGW attached several exhibits to its complaint, including the written contract between IGW and Prime for performance of a relatively minor electrical repair that apparently became necessary during the Project. Defendant does not dispute that IGW is not required to comply with the ninety-day notice provision as to the work governed by such express written contract.

7

motion to dismiss for failure to state a claim is therefore **DENIED**.

### C. Summary

For the reasons set forth above, Plaintiff's motion for default Judgment is **DENIED**, and Defendant's motion to dismiss for failure to state a claim is **DENIED**. As soon as an answer is filed in this case, a 16(b) scheduling conference should be conducted. Additionally, although this case is procedurally in its infancy, the nature of the dispute, and the dollar amount sought by Plaintiff, appears to render this case a prime candidate for referral to a Magistrate Judge for a settlement conference. The Court encourages the parties to mutually agree to participate in such settlement proceedings at the earliest stage practicable.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record.

It is so **ORDERED**.

/s/ ⟨signature⟩
Mark S. Davis
United States District Judge

Norfolk, Virginia
January 23, 2013